**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EARL JACOBS

     Plaintiff,

       vs.                       CASE NO.:

ALEXANDER WILLIAMS & ASSOCIATES

     Defendant(s)

---

**PLAINTIFF'S VERIFIED COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Earl Jacobs (hereinafter 'Plaintiff'), by and through the undersigned attorney, Katie M. Stone, and for Plaintiff's Complaint against Defendant(s) Alexander Williams & Associates (hereinafter "Defendant(s)"), and alleged and affirmatively states as follows:

**I.**     **INTRODUCTION**

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant(s), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and also out of the invasions of Plaintiff personal privacy by these Defendant(s) and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

**II.**     **JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337. Venue in this District is proper in that the conduct complained of occurred here.

**III.**     **PARTIES**

3. Plaintiff is a consumer, a natural person with a permanent residence in Pinellas County, St. Petersburg in the state of Florida.

VERIFIED COMPLAINT

4. Defendant, Alexander Williams & Associates is a foreign limited partnership engaged in the business of collecting debt in this state with its principal place of business located at 1293 Clove Rd., Staten Island, NY 10301.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant(s) is engaged in the collection of debts from consumers using the mail and telephone.  Defendant(s) regularly attempt to collect consumer debts alleged to be due to another.  Defendant(s) are ''debt collectors'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed harassing collection calls to Plaintiff which displayed the intent to harass and annoy Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff in April of 2012.

8. To date, Defendant has not sent the Plaintiff any validation of the alleged debt.

9. Plaintiff does not owe a debt to the Defendant and has advised the Defendant on more than one collection call that they are attempting to collect the debt from the incorrect person.

10. Upon information and belief, within one year preceding the date of the filing of this complaint, Defendant kept calling Plaintiff trying to collect an alleged debt from him after having already been given knowledge that Plaintiff was not the person that they should seek to collect from.

11. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by calling him at work.  Plaintiff advised Defendant that they were not to call him at work and again that he was not the debtor that owes on the alleged debt.

12. Defendant has continued to call Plaintiff while he works even after being told Defendant that such calls inconvenience him.

13. Upon information and belief, within one year preceding the date of the filing of this complaint, Defendant continued to call Plaintiff while he was at his workplace after Plaintiff

had already given Defendant knowledge that such calls were prohibited and/or inconvenienced him.

14.   As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in him feeling stressed, amongst other negative emotions.

15.   Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

### V.   CLAIM FOR RELIEF

16.   Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17.   Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a)   Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (b)   Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff; and

    (c)   Defendant violated *§1692g(a)* of the FDCPA by not sending Plaintiff validation of the debt.

    (d)   Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

    (e)   Defendant violated *§1692b(3)* of the FDCPA by calling a third party more than once without being requested to do so by the third party and without the reasonable belief that an earlier response from the third party was erroneous or incomplete and that now the third party has correct or complete location information.

18.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19.   As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

20.   As a result of the foregoing violations of the FDCPA, Defendant(s) is liable to the Plaintiff for declaratory judgment that Defendant(s) conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against each Defendant(s) for the following:

A.   Actual damages from each Defendant(s) pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations for Plaintiff, and from each Defendant(s) for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

B.   Statutory damages of $1000.00 from each Defendant(s) pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C.   Costs and reasonable attorney fees from each Defendant(s), for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D.   For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

By: _____
Katie M. Stone
Fla Bar No.: 74194
Consumer Rights Law Firm
5401 S. Kirkman Rd., Suite 310
Orlando, FL 32819
Phone: (407) 217-5807
Fax: (407) 442-3693
attorneykaties@consumerlawfirmcenter.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE, that Plaintiff, EARL JACOBS, hereby demands trial by jury in this action.

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, EARL JACOBS, says as follows:

1. I am the Plaintiff in this civil proceeding

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this complaint in good faith and solely for the purposes set forth in it

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1764(2), I, EARL JACOBS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 5-27-12

EARL JACOBS
Plaintiff

VERIFIED COMPLAINT