UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EARL JACOBS

    Plaintiff,

vs.                                        CASE NO.:8:12-cv-01406-JSM-TGW

ALEXANDER WILLIAMS & ASSOCIATES

    Defendant(s)

___

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AND AFFIDAVIT AS TO ATTORNEY FEES AND COSTS

Plaintiff, Earl Jacobs ("Plaintiff"), by and through his undersigned attorney, files this motion for Final Judgment and states the following grounds:

1. On June 26, 2012, Plaintiff filed their amended civil Complaint against Defendant.
2. Plaintiff's Complaint alleged violations of the Fair Debt Collection Practices Act 15 U.S.C §1692 *et seq*, hereinafter 'FDCPA.'
3. Plaintiff sought statutory damages pursuant to the above-mentioned statutes in addition to actual damages suffered and reasonable attorney's fees.
4. 15 U.S.C. §1692k(a) says that a debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in the amount to the sum of: 1- actual damages, 2(A) – statutory damages of up to $1000.00 and 3 – attorney fees and costs.
5. Defendant failed to file a timely answer or responsive pleading and a Default was entered by the Clerk on February 13, 2013.
6. In support of this motion, Plaintiff submits the attached Affidavit of Attorney's Fees and Costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Final Judgment in favor of the Plaintiff's and grant the following relief:

    a. $1000.00 statutory damages under the FDCPA;

b.  $2308.50 in legal fees for this case;

c.  $490.00 for reasonable costs for this case; and

d.  Such other and further relief to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED,

By: /s/ Katie M. Stone
Katie M. Stone
Fla Bar No.: 74194
Consumer Rights Law Firm
300 Brickstone Square, Suite 902
Andover, MA 01810
Telephone: (978) 212-3300
Facsimile: (978) 409-1846
attorneykaties@consumerlawfirmcenter.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Katie M. Stone, certify that a true and correct copy of the foregoing was served upon Defendant, Alexander Williams & Associates:  Attn:  Officer, Manager, or Registered agent at 178 Stafford Avenue, Staten Island, NY 10314, via U.S. First class mail on April 8, 2013.

By: _____
Katie Stone, Esq.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EARL JACOBS

      Plaintiff,

      vs.                                         CASE NO.:8:12-cv-01406-JSM-TGW

ALEXANDER WILLIAMS & ASSOCIATES

      Defendant(s)

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO CLERK'S ENTRY OF DEFAULT**

On June 26, 2012, Plaintiff filed their complaint against the Defendant for violation of the Fair Debt Collection Practices Act (hereinafter FDCPA) at 15 U.S.C. § 1692 et seq. (Docket #1). In his complaint, the Plaintiff made the following allegations:

### FACTS

1.    Sometime before June of 2012, Plaintiff, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

2.    Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

3.    The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

4.    Prior to June of 2012, Defendants placed collection call(s) to Plaintiff. Plaintiff does not owe a debt to the Defendant and has advised the Defendant on more than one collection call that they are attempting to collect the debt from the incorrect person. To date, the Defendant has not sent the Plaintiff any validation of the debt.

5.   Within one year preceding the date of the filing of this complaint, Defendant kept calling Plaintiff trying to collect an alleged debt from him after having already been given knowledge that Plaintiff was not the person that they should seek to collect from.

6.   Within one year prior to the filing of this complaint, Defendant(s) called Plaintiff while he was at work. Plaintiff advised Defendant that they were not to call him at work; however, Defendant continued to place collection calls to Plaintiff during work hours.

7.   Within one year prior to the filing of this complaint, Defendant(s) continued to call Plaintiff, without his consent, knowing that this would harass and/or annoy.

8.   Plaintiff suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear of losing job, frustration, humiliation, embarrassment, and upset, amongst other negative emotions.

9.   Defendants' illegal and abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

On December 14, 2012, the Plaintiff served the Defendant with the complaint. Plaintiff filed the proof of service with this Court on January 8, 2013 (Docket #10). Defendant's answer to the complaint was due on January 4, 2013. Defendant has failed to plead or otherwise defend against this action.

### THE ALLEGATIONS IN THE COMPLAINT SHOULD BE DEEMED ESTABLISHED FACTS

On February 13, 2013, the Plaintiff requested that the court enter a default against the Defendant (Docket #11). The Clerk entered an order of default on February 13, 2013 (Docket #12); therefore, all of the allegations should be deemed established facts.

### PLAINTIFF SHOULD BE GRANTED A JUDGMENT FOR STATUTORY DAMAGES UNDER THE FDCPA

The Plaintiff has not pled a claim for a sum certain in his complaint and hence, moves this Court for judgment on his claims, costs, and attorneys' fees so that the Court may award a judgment.

Plaintiff is entitled statutory damages of up to $1,000.00 pursuant 15 U.S.C. § 1692k(a)(2). This statute, states in part:

> §813. Civil liability
> (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-

        (1) any actual damages sustained by such person as a result of such failure;

        (2) (A) in the case of any action by an individual, such additional damages as the Court may allow, but not exceeding $1,000;

        (B) in the case of a class action,

        (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and

        (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector: and

        (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors-

        (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

        (2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional. 15 U.S.C. § 1692k(a)(2).

In the present case, the Court should award the full $1,000.00 in statutory damages to the Plaintiff. The Defendant has failed and/or refused to defend itself in this case and all of the material allegations should now be deemed to be admitted. The Defendant's actions were not the product of any inadvertence, but rather of repeated failures to accord its actions in compliance with the FDCPA. The Defendant's multiple actions were egregious and intentional. The Court should award damages to the Plaintiff of $1,000.00 as compensation for the Defendant's willful violation of the FDCPA.

### PLAINTIFF SHOULD BE GRANTED A JUDGMENT FOR ATTORNEY'S FEES AND COSTS

Plaintiff is also entitled to the costs of the litigation, which amounts to a $350.00 filing fee plus service of process of $140.00, in addition to attorney's fees pursuant to 15 U.S.C. §1692(k)(3). Plaintiff's counsel has attached his affidavit as 'Exhibit 1' to the Plaintiff's Motion for Default Judgment. The affidavit lays out the Plaintiff's counsel's experience and hourly rate. 'Exhibit 2' is a billing report that was prepared based upon Plaintiff's counsel's review of the client's file and Plaintiff's firm's reports, emails, and records; which includes the date of each

task and an estimation of the time required to complete each task for a total of $2308.50 in attorney's fees. Altogether, the Plaintiff moves this Court for a judgment on attorney's fees and costs for $2798.50.

### CONCLUSION

Since the Defendant has failed to plead or otherwise defend, a default should be entered against the Defendant, and all of the allegations of this complaint should be deemed established facts in this case. The Defendant has violated the FDCPA. Plaintiff is entitled to statutory damages for violation of the FDCPA in the amount of $1,000.00 on Count I of his complaint, plus costs and attorney's fees of $2798.50 for Counts I, for a total of $3798.50.

**WHEREFORE, PLAINTIFF PRAYS THAT** this court grants her the following relief:

a. A judgment in the amount of $1,000.00 against the Defendant on Count I of his complaint for statutory damages.

b. A judgment in the amount of $3798.50 against the Defendant on Count I of his complaint for attorney's fees and costs.

RESPECTFULLY SUBMITTED,

Dated: April 8, 2013

/s/Katie M. Stone
Katie M. Stone, Esq.
Fla Bar No.: 74194
Consumer Rights Law Firm
5401 S. Kirkman Rd., Suite 310
Orlando, FL 32819
Phone: (407) 217-5807
Fax: (407) 442-3693
attorneykaties@consumerlawfirmcenter.com
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I, Katie M. Stone, certify that a true and correct copy of the foregoing was served upon Defendant, Alexander Williams & Associates: Attn: Officer, Manager, or Registered agent at 178 Stafford Avenue, Staten Island, NY 10314, via U.S. First class mail on April 8, 2013.

By: /s/ Stone
Katie M. Stone, Esq.