# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**EARL JACOBS,**

    **Plaintiff,**

**v.**                                            **Case No. 8:12-cv-1406-T-30TGW**

**ALEXANDER WILLIAM &ASSOCIATES,**

    **Defendant.**

_____/

## **DEFAULT FINAL JUDGMENT**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Final Judgment against Defendant Alexander William & Associates (Dkt. 14).  The Court, having considered the motion, record evidence, and being otherwise advised in the premises, concludes that the motion should be granted, and final judgment entered in favor of Plaintiff in the amount of $3,798.50.

## **BACKGROUND**

On June 26, 2012, Plaintiff Earl Jacobs filed this action against Defendant Alexander Williams & Associates alleging violations of the Fair Debt Collection Practices Act ("FDCPA").  The complaint seeks, among other things, statutory damages and reasonable attorney's fees and costs under the FDCPA.

On February 13, 2013, the Clerk of Court entered a Clerk's Default against Defendant Alexander Williams & Associates for its failure to respond to the complaint or otherwise

appear in this action (Dkt. 12). Plaintiff now seeks entry of a default final judgment against Defendant. Specifically, Plaintiff requests statutory damages in the amount of $1,000, attorney's fees in the amount of $2,308.50, and costs in the amount of $490.00.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio–Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)[1]; *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp.2d 1355, 1359 (M.D. Fla. 2002).

## DISCUSSION

The Court concludes that it has federal question jurisdiction over Plaintiff's FDCPA claims. Also, the complaint's allegations are sufficient to state a claim under the FDCPA.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers. *See* 15 U.S.C. § 1692(e); *Owen v. I.C. Sys., Inc.,* 629 F.3d 1263, 1270 (11th Cir. 2011). The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." *See* 15 U.S.C. § 1692f. A debt collector who "fails to comply with any [FDCPA] provision ... with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and statutory "additional damages." *See* 15 U.S.C. § 1692k(a). In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a "debt collector" under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA. *See Wise v. Coach,* 2010 WL1257665, at *2 (S.D. Fla. Mar. 26, 2010).

Plaintiff alleges that he is a consumer and that Defendant, a debt collector, placed numerous collection calls to Plaintiff regarding validation of an alleged consumer debt. Plaintiff alleges that he did not owe a consumer debt and advised Defendant on numerous calls that Defendant was contacting the wrong person. Plaintiff alleges that Defendant continued to call Plaintiff and utilized unfair and unconscionable means to collect on the alleged debt by calling Plaintiff at work.

Having concluded that the Court has jurisdiction and Plaintiff's complaint adequately states a claim under the FDCPA, the Court will award Plaintiff statutory damages in the amount of $1,000.00 under 15 U.S.C. § 1692k(a)(2).

The Court will also award Plaintiff reasonable attorney's fees and costs in the requested amounts of $2,308.50 and $490.00, respectively.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Default Final Judgment against Defendant Alexander William & Associates (Dkt. 14) is GRANTED.

2. The Clerk of Court is directed to enter final judgment in favor of Plaintiff and against Defendant in the amount of $3,798.50.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1406.defaultfinjudg.wpd